**In re Robert J. WOODHOUSE, Debtor.**

**Bankruptcy No. 82–02430–BKC–TCB.**

United States Bankruptcy Court, S.D. Florida.

Jan. 20, 1983.

Richard W. Smith, Fort Lauderdale, Fla., for debtor.

Robert Roth, trustee, Coral Gables, Fla.

---

## ORDER DENYING CONFIRMATION AND DISMISSING CASE

THOMAS C. BRITTON, Bankruptcy Judge.

A confirmation hearing was held on the debtor's chapter 13 plan on January 12. The plan simply provides:

> "On or before six months from the confirmation of bankruptcy, the debtor will have sold his horses and will pay all the creditors in full, plus the trustee's fees."

The debtor has been a jockey since 1969. He owns a half-interest, with another owner, in two race horses which he believes are worth $200,000. He reports secured and unsecured debts totalling $281,000. It is obvious, therefore, that he will not be able to comply with his plan unless some of the information he has given us is erroneous.

The bankruptcy is obviously prompted by the pending foreclosure of an IRS lien. The debtor, who reports variable income of approximately $18,000 last year and monthly expenses of almost double that rate of income, owns a $140,000 home (of which $51,000 is his present equity) and a Mercedes as well as his interest in the horses. I conclude that this bankruptcy filing is nothing more than a hasty effort to block the IRS collection proceedings. I find that the plan does not comply with the requirements of § 1325(a)(3), (5) and (6). Confirmation is denied.

Notice was given (C.P. No. 4) that dismissal or conversion would be considered if confirmation is denied. At the hearing the debtor's counsel (who has been paid $865) did not appear, but instead sent an associate with a motion for continuance filed at the hearing advising that the debtor would not appear. The motion merely states:

> "... that he will ill (sic) and could not appear at said Meeting and Confirmation."

The debtor did not appear either at the creditors meeting nor at confirmation. No confirmation of the illness was offered. The motion was denied. The debtor won a race at Gulfstream that day.

I see no purpose to be achieved by permitting amendment of this plan. If the horses can be sold by the debtor to recover his interest in them, this would appear to be the best time to sell them and he could accomplish that purpose without the assistance of this court and without the benefit of the automatic stay. The debtor's circumstances do not present the possibility of any income supported plan. It also appears unlikely that any possible plan could meet the requirement of § 1325(a)(4).

Accordingly, this case is dismissed and dismissal is with prejudice to the filing of any bankruptcy proceeding earlier than August 1, 1983, other than an involuntary proceeding against the debtor.